# NO. 12-07-00396-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CASIMIR TERELL CLARK,*<br>*APPELLANT* | § | *APPEAL FROM THE SECOND* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *CHEROKEE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Appellant Casimir Terell Clark was convicted of possession of a controlled substance with intent to deliver. In two issues, Appellant asserts that the controlled substance discovered in his automobile was the fruit of police action that exceeded the permissible scope of an investigative detention of a motorist stopped for speeding. We affirm.

## BACKGROUND[1]

Officer Tina Grimes of the Rusk Police Department stopped Appellant for driving at a speed of sixty-two miles per hour in a forty-five miles per hour speed zone. During his initial conversation with Officer Grimes, Appellant indicated to her that he did not have his driver's license with him in the vehicle. Officer Grimes instructed Appellant to exit the vehicle. Appellant then produced his driver's license.

---

[1] Unless otherwise noted, the facts forming the basis of our opinion are undisputed.

Officer Grimes again instructed Appellant to exit his vehicle, and he refused.[2] Believing Appellant had committed a crime by failing to obey Officer Grimes's order, members of the Rusk Police Department forcibly removed Appellant from the vehicle and placed him under arrest.[3] Appellant's vehicle was searched following his arrest. During this search, the police found 200 grams or more, but less than 400 grams, of Alprazolam, a Penalty Group 3 controlled substance.

Appellant was charged by indictment with the offense of possession of a controlled substance with intent to deliver.[4] Appellant filed a motion to suppress any evidence related to the controlled substance found in the automobile subsequent to his arrest. Following a hearing, the trial court denied Appellant's motion to suppress. Appellant then pleaded guilty to the offense. The trial court found Appellant guilty and assessed his punishment at fifteen years of imprisonment. This appeal followed.

## CONSTITUTIONALITY OF ORDER TO EXIT VEHICLE

In two issues, Appellant asserts that the controlled substance discovered in his automobile was the fruit of police action that exceeded the permissible scope of an investigative detention of a

---

[2] For purposes of this opinion, we have accepted as true the following assertions set forth in Appellant's brief:

1. "At the time she asked Appellant to leave the car, [Officer Grimes] did not feel she was in danger."
2. "[Officer Grimes] asked Appellant to exit the car to get him outside of the vehicle and in front of the camera in her patrol car."
3. "[F]aces were not identifiable on camera."
4. "Grimes's next reason for getting Appellant out of the car was because she asked him to."
5. "Grimes did not run any checks on Appellant's license after she received it."
6. "She did not run Appellant's license number to check its validity or for any outstanding warrants or other matters because he refused to get out of the car."
7. "Appellant never refused to give his name and gave his license number when he could not find the actual license."
8. "According to Grimes, Appellant was uncooperative when he refused to exit the car and her decision to arrest Appellant came when he refused to get out."
9. "When asked by another officer why she wanted Appellant out of the car, [Officer Grimes's] response was 'because she told him to[.]'"
10. "[Officer Grimes] testified that she did not intend to arrest Appellant for the initial stop [for speeding;] only when he refused to exit the vehicle [did her intention change.]"

[3] *See* TEX. PENAL CODE ANN. § 38.15 (Vernon Supp. 2008).

[4] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.114 (Vernon 2003).

motorist stopped for speeding, as allowed by the Fourth Amendment to the United States Constitution and Article I, Section 9 of the Texas Constitution. *See* U.S. CONST. amend IV; TEX. CONST. art. I, § 9. Appellant does not dispute the permissibility of the initial stop or the validity of the subsequent arrest. Instead, Appellant focuses on the narrow issue of whether Officer Grimes was constitutionally allowed to order Appellant from his vehicle, which was the catalyst for Appellant's refusal to exit and arrest.

**Standard of Review**

In reviewing a trial court's ruling on a motion to suppress, an appellate court should generally afford almost total deference to a trial court's determination of historical facts supported by the record, especially when the trial court's fact findings are based on an evaluation of credibility and demeanor. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). The same amount of deference should be given to the trial court's rulings on application of law to fact questions if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor. *Id.* Appellate courts review de novo mixed questions of law and fact not falling within this category. *Id.* In accordance with these principles, de novo review is appropriate when an appellate court is presented with an evidence suppression question based on undisputed facts. *See State v. Ross*, 32 S.W.3d 853, 857-58 (Tex. Crim. App. 2000).

**Discussion**

The United States Supreme Court has stated that police officers may order a driver to exit a vehicle without violating the Fourth Amendment's prohibition against unreasonable seizures. *Pennsylvania v. Mimms*, 434 U.S. 106, 111, 98 S. Ct. 330, 333, 54 L. Ed. 2d 331 (1977). This same action is allowed by article I, section 9 of the Texas Constitution. *Rhodes v. State*, 945 S.W.2d 115, 117 (Tex. Crim. App. 1997). As such, it is constitutionally permissible for an officer, as a matter of course, to order the driver of a lawfully stopped vehicle to exit that vehicle. *Mimms*, 434 U.S. at 109-11, 98 S. Ct. at 332-33; *Rhodes*, 945 S.W.2d at 118-19. Likewise, because law enforcement officers may order a driver to exit a vehicle, they may also use appropriate forcible means to enforce such an order. *See Clark v. Rusk Police Dep't*, No. 6:07cv340, 2008 WL 4179322, at *2-3 (E.D.

Tex. Sept. 8, 2008) (mem. op.);[5] *see also* **Barnes v. State**, 206 S.W.3d 601, 606-06 (Tex. Crim. App. 2006) (upholding conviction of driver for interference with a peace officer's public duties, after police officer had to break out window of car to remove driver from vehicle); **Winters v. Adams**, 254 F.3d 758, 760-65 (8th Cir. 2001) (officers acted reasonably in smashing the windows of a vehicle after the occupants rolled up the windows, locked the doors, and refused to exit); **Miller v. Page**, No. 04-4198CVCNKL, 2005 WL 3557426, at *7 (W.D. Mo. Dec. 28, 2005) (order) (officer did not act unreasonably in breaking vehicle window to extract occupant who failed to respond to request that she roll down window and show her driver's license, and refused to exit car).

In this case, it is undisputed that Appellant was instructed to exit his vehicle and that he refused to do so. His refusal to comply with Officer Grimes's lawful order resulted in his forcible removal from the car. Neither the order to exit nor the forcible removal was unreasonable under the circumstances. Appellant has failed to show a constitutional violation in regard to Officer Grimes's order or the actions taken by officers to remove Appellant from his vehicle. We overrule Appellant's first and second issues.

#### DISPOSITION

We ***affirm*** the judgment of the trial court.

   SAM GRIFFITH
Justice

Opinion delivered January 30, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

---

[5] We have limited our opinion to the facts presented in the record; however, we note that the Eastern District's opinion in **Clark v. Rusk Police Department** contains additional information about the underlying incident resulting in Appellant's appealed conviction. *See* **Clark**, 2008 WL 4179322, at *1-3.